UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYDEN T. RENATO, | CASE NO. C20-708 RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| JOHN N. BEAULIEU, et al., | |
| Defendants. | |

This matter is before the Court sua sponte, following up on its May 20, 2022, Order. Dkt. #60. Firstly, that Order: (1) dismissed Plaintiff's claims against Defendant John Doe with prejudice; (2) dismissed all of Plaintiff's claims against Defendants Jane Doe, Lori Fleetwood-Watt, Jon C. Watt, Cam Crites-Pickens, Nathanael Logan, and Elizabeth Logan without prejudice; and (3) granted Plaintiff leave to reallege the claims dismissed without prejudice in an amended complaint. *Id.* at 24–25. The Order gave Plaintiff twenty-one days from the date of the Order to file any amended complaint. *Id.* at 25. Secondly, the Order required Plaintiff to show cause "why this action should not be dismissed as to Defendants John N. Beaulieu, Jennifer M. Brock, and Kaitlyn Henderson," none of whom had appeared, by demonstrating proper service or a need for additional time to accomplish service. *Id.* at 26. The Order likewise gave Plaintiff twenty-one days to respond to the Court's order to show cause and warned Plaintiff that

ORDER – 1

"[f]ailure to timely file a response . . . could result in dismissal" of Plaintiff's claims "or termination of th[e] action." *Id.* Twenty-one days have passed, and Plaintiff has not filed an amended complaint or responded to the Court's order to show cause.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Here, Plaintiff has not established that the non-appearing Defendants were properly served, does not explain his failure to effect service, does not explain why he needs additional time, and has not complied with the Court's Order that he show cause for his failures. Plaintiff's failure to respond warrants involuntary dismissal. *See* FED. R. CIV. P. 41(b) (action may be involuntarily dismissed for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (court may involuntarily dismiss sua sponte). Accordingly, the Court dismisses, without prejudice, all of Plaintiff's claims against Defendants John N. Beaulieu, Jennifer M. Brock, and Kaitlyn Henderson, both for his failure to properly effect service and for his failure to respond to the Court's Order.

The Court likewise dismisses the entire action for Plaintiff's failure to file an amended complaint as ordered by the Court. The Court has already determined that dismissal of Plaintiff's claims, as previously alleged, is warranted. Yet, when given the chance, Plaintiff failed to reallege his claims to cure the prior deficiencies and has failed to even respond to the Court's Order. Accordingly, this action is properly dismissed, and the case is properly terminated.

Having fully reviewed this matter, the Court finds and ORDERS that:

1. All of Plaintiff Hayden T. Renato's claims against Defendants John N. Beaulieu, Jennifer M. Brock, and Kaitlyn Henderson are DISMISSED without prejudice.

ORDER – 2

2. This matter is DISMISSED without prejudice and the matter is CLOSED.

DATED this 16th day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3